33 C.C.P.A.(Patents)

## In re COWLES.

Patent Appeal No. 5200.

Court of Customs and Patent Appeals.
June 27, 1946.

**552**

Emery, Varney, Whittemore & Dix, of New York City (Nichol M. Sandoe, of New York City, of counsel), for appellant.

W. W. Cochran, of Washington, D. C. (E. L. Reynolds, of Washington, D. C., of counsel), for Commissioner of Patents.

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, JACKSON, and O'CONNELL, Associate Judges.

GARRETT, Presiding Judge.

After allowing claims 1, 2, 3 and 6 of appellant's application for a patent on "Apparatus for Disseminating Materials in Liquids", the Primary examiner of the United States Patent Office rejected claims 4, 5, 7 and 8. Upon appeal to the Board of Appeals, the examiner's decision was affirmed and appellant has here appealed from the board's decision.

Appellant's application states: "This invention relates to apparatus for disseminating or dispersing solids, gases or liquids in liquids. For example, the apparatus may be used for disintegrating, dispersing and maintaining in suspension divisible insoluble solids, and for breaking up and putting into solution solids which are soluble. The apparatus may also be used for disseminating gases in liquids, and for disseminating one liquid in another liquid. Such machines are adapted for a wide range of uses, as for example, for the treatment of paper stock, for defiberizing, for dissolving, for paint mixing, for the preparation of emulsions, etc."

Claim 4 is illustrative of the appealed subject matter and reads: "4. Apparatus of the class described, comprising, a casing, a shaft extending into said casing, said shaft. carrying a plurality of impellers mounted for rotation in said casing and submerged in the liquid contents of the container, each of said impellers comprising an imperforate disk having a multiplicity of vanes projecting upwardly from the upper surface of said disk and projecting downwardly from the lower surface thereof and adapted to discharge material radially outwardly therefrom, and said casing being provided with openings at opposite ends of said casing through which material may be introduced into one end and withdrawn from the other end of said casing, said material being subjected to successive action by successive sets of upwardly and downwardly projecting vanes on said impellers while passing from one opening to the other, said impellers being spaced along said shaft to permit such radially discharged material to return between the opposed faces of said disks to points axially inward of said vanes for redischarge thereby."

The references relied upon are: Foret 1,208,534 Dec. 12, 1916; Johnson 1,768,957 July 1, 1930; Preleuthner 1,819,118 Aug. 18, 1931; Brumagim 2,235,604 Mar. 18, 1941; Seyfried 2,270,480 Jan. 20, 1942.

The rejection of the appealed claims by the examiner was upon the patent to Foret in view of either Preleuthner or Seyfried taken separately. The examiner pointed out that the Foret patent shows an upright cylindrical casing which, like appellant's has an inlet at the top and an outlet at the

bottom and has a rotatable shaft suspended from the top of the casing and has impellers spaced along the shaft.

The patent to Johnson, for mixing or emulsifying apparatus, shows the appellant's arrangement by which liquid is discharged radially from rotary impellers.

The patent to Preleuthner was cited by the examiner to show it was old to provide vanes on the surfaces of a rotary impeller. It was the view of the examiner that Preleuthner's vanes would cause substantially the same circulation of liquid as does the appellant's device.

The patent to Brumagin also shows appellant's arrangement by which liquid is discharged radially from rotary impellers.

The Seyfried patent shows a drink mixer agitator of the usual variety frequently seen at soda fountains in which the glass or cup or container in which the ice cream and milk or other mixed liquids and solids are placed is so adjusted as to cause the shaft containing blades to circulate inside the cup in substantially the same manner as appellant's impellers operate. These impellers or discs have surfaces which are described as being "alternately symmetrically concave and convex in concentric paths." These would seem to be the equivalent, certainly in effect upon the mixture, of appellant's impellers. This fact appellant denies.

The decision of the Board of Appeals was a rather unusual one and has drawn forth much comment and criticism from the appellant. We quote most of the decision:

"Applicant contends that Foret is for an entirely different purpose than applicant's apparatus. Foret treats juice with sulphur dioxide and applicant's specification indicates that his apparatus is for disseminating gases in liquids. The claims state no particular type of apparatus or its intended use. Thus, it will be seen that Foret's apparatus is not for an entirely different purpose as alleged in the brief.

"The claims indicate that the impellers are submerged in the liquid contents, which contents are not part of the apparatus.

"However, Foret does not disclose the discharge vanes and we find no suggestion in Foret that they be provided.

"Seyfried's vanes project upwardly and downwardly but Seyfried relates to an agitator for drink mixers and we see nothing suggestive in Seyfried for the modification of Foret, as contended by the Examiner.

"Preleuthner shows a mixer with the ribs on an impeller, but not a plurality of impellers or such a spaced plurality as stated in the claims.

"The contention is made that Seyfried shows the axial spacing of the impellers. Even so, Seyfried does not disclose the impeller diameters as related to the casing, or the casing with openings at opposite ends.

"Johnson and Brumagim are cited to show the axial impeller displacement and circulation.

"It is probable that the examiner has not combined or used the references properly in making the rejection. As we view the matter applicant's claims state little if any advance in the art over Seyfried.

"The casing or cup conventionally used with an apparatus of the Seyfried type is of such a diameter that claims 5 and 8 are fully met by this reference and while the casing used normally with the Seyfried mixer would not have openings at opposite ends, this is only a mechanical expedient as shown by Foret to make possible a continuous mixing operation. This is stated in claims 4 and 7 which also indicate the axial spacing of the impellers shown by Seyfried, the effect of the spacing being indicated in Brumagim and Johnson.

"The decision of the examiner is affirmed."

It will be noted that the board holds that the claims "state little if any advance in the art over Seyfried." The board also stated, "It is probable that the examiner has not combined or used the references properly in making the rejection," and it seems that the board did not view the Foret reference as being as pertinent as did the examiner, and, in effect, held that the claims should be rejected on Seyfried alone. The board said the Foret patent "does not disclose the discharge vanes and we find no suggestion in Foret that they be provided." In conclusion, however, the board stated, "The decision of the examiner is affirmed."

The applicant filed a petition to vacate the board's decision and requested the board to write a new and clarified decision reversing the decision of the examiner on the point on which appeal had been taken and further requested that the application be remanded to the Primary Examiner for further consideration under Rule 139 of the Rules of Practice of the United States Patent Office, 35 U.S.C.A.Appendix.

Appellant complained about the board's holding that the casing or cup conventionally used with an apparatus of the Seyfried type "is of such a diameter that claims 5 and 8 are fully met by this reference." Appellant regards the mentioning of the casing or cup as a new ground of rejection and argues that applying the Seyfried reference first and the other references second and in effect rejecting on Seyfried alone also would be new grounds of rejection and that the rules require the board to pass only upon the points presented in the appeal. Appellant complains here about the board's violating Rules 139 and 66 and 76, Rule 66 being with reference to facts within the personal knowledge of an employee of the Patent Office.

The board's ruling on the petition to vacate is as follows:

"Petitioner argues that we rejected the claims on entirely different grounds than did the Examiner. The Examiner rejected the claims on Foret in view of Seyfried. We rejected claims 4 and 7 on Seyfried in view of Foret. We do not regard this rejection as on a ground not involved in the appeal as stated in Rule 139.

"We rejected claims 5 and 8 as stating no patentable invention over Seyfried alone and we regard this rejection as 'involved in the appeal'.

"The affirmance of the Examiner's rejection is generally in line with the Examiner's holdings and we had no intention of indicating that the case should be reopened for amendment.

"Appellant states that he is not aware of any conventional cup that comes within the diameter limitations of the appealed claims. There are no such limitations in claims 4 and 7 so that the diameter is only a matter of choice and the same is true of the diameter of the disc.

"We see no reason for vacating our decision which is clear enough nor do we believe the application should be remanded to the Examiner or that our decision should so remand the case.

"The petition to vacate the decision * * * is denied."

Appellant filed two sets of reasons of appeal in this court. The first set related to the board's first decision. Appellant's "Amended Notice of Appeal" added additional reasons in which it was alleged that the board erred in its second decision in refusing to remand the case to the examiner for further consideration under the provisions of Rule 139.

We think the decision of the board, while inartfully worded, properly affirmed the decision of the examiner. It seems clear to us that the appealed claims define nothing inventive over the cited art and it is a matter of little consequence, we think, to consider the Foret patent less pertinent than Seyfried. See In re Mulligan, 83 F.2d 917, 23 C.C.P.A., Patents, 1220.

It seems that appellant is attempting to make a mountain out of a mole-hill by arguing at great length in two briefs to the effect that we should do something about the failure of the board to remand the case back to the examiner. The Solicitor for the Patent Office argues that the question which appellant seeks to present here is one of "mere practice" of the Patent Office and that it was the privilege of the appellant, if he so desired, to invoke the jurisdiction of the Commissioner on a point of practice and that he is not entitled to present the question of violation of Rule 139 to this court. On this phase of the case the Solicitor cites Sundback v. Blair and Perrault, 47 F.2d 378, 18 C.C.P.A., Patents, 1016; In re Britton, 115 F.2d 249, 28 C.C.P.A., Patents, 726; and In re Austin, 40 F.2d 756, 17 C.C.P.A., Patents, 1202. Ex parte King, 1928 C.D. 1, is cited by the Solicitor as being a Patent Office example of the Commissioner having given consideration to such a petition.

Appellant argues in his reply brief, in effect, that the issues he seeks to present here are not mere practice.

In view of our conclusion that the board did not cite any new grounds of rejection, it is unnecessary for us to make any holding on the question of remanding the case to the examiner.

Rule 139 provides that the "board of appeals in its decision shall affirm or reverse the decision of the primary examiner only on the points on which appeal shall have been taken," and further states, "Should it discover any apparent grounds not involved in the appeal for granting or refusing letters patent in the form claimed, or in any other form, it shall include in its decision a statement to that effect with its reasons for so holding." It also provides that the statement of the board, if adverse to applicant's right to a patent, where new grounds of rejection are given, will reopen the case "for amendment or showing of facts, or both, before the primary examiner responsive thereto." The applicant may waive the right to further prosecution before the primary examiner and have the case reconsidered by the board upon the same record.

It would seem clear that if the board had applied a new ground of rejection it would be its duty, in compliance with the rule, to remand the case to the examiner, unless this provision was waived by the applicant. In a case of this character it would be a miscarriage of justice to refuse to do so, but as we view the present issue it is not necessary for us to determine whether or not the board's failure to do so would be a proper matter for us to consider, because, as before stated, we are of the opinion that the board's ground of rejection is not a new one and that its affirmance of the decision of the examiner and its consideration of the references cited by the examiner, although using different language in its decision, fully shows why the appealed claims define nothing inventive over the prior art relied upon by both tribunals. No new art was cited.

Appellant states that it asked the board, under Rule 66, for specific data as to the nature of the cup or casing relied upon and requested that the reference be supported by affidavits and asked for an opportunity to file reply affidavits in accordance with Rule 76. There is no reason of appeal in either the first or second set of reasons of appeals filed against the decisions of the board which alleges error in failing to furnish the affidavit called for and we do not here hold or intimate whether or not this is a proper matter for us to consider if a reason of appeal relating thereto had been submitted.

We think the examiner's holding that the claims were all unpatentable over the patent to Foret in view of either of the references cited was sound, and we think the decision of the board, although handling the references in a somewhat different manner, affirmed, and intended to affirm, the holding of the examiner. It is our view that appellant's device, as defined by the appealed claims, involves nothing that is inventive over the cited prior art, and the decision of the board affirming that of the examiner is affirmed.

Affirmed.